IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATIONAL PRODUCTS INC.,

          Plaintiff and Counter Defendant,

v.

GAMBER-JOHNSON LLC,

          Defendant and Counter-Claimant.

ORDER

20-cv-1108-wmc

Before the court is defendant Gamber-Johnson LLC's expedited motion to stay this case pending the resolution of two *inter partes* review ("IPR") petitions -- one filed by Gamber and another filed by a defendant in another patent infringement action brought by National Products Inc. involving the same claim at issue here. (Dkt. #28.) As defendant points out, the court previously granted a motion to stay where only a petition for IPR had been filed, and before the Patent Trial and Appeal Board ("PTAB") had granted the petition. *See SCA Hygiene Prod. Aktiebolag v. Cascades Canada, ULC*, No. 17-CV-282-WMC, 2017 WL 4484495 (W.D. Wis. Oct. 6, 2017). With more experience with the PTAB process, however, this court has since concluded a stay based solely on the filing of an IPR petition is generally premature at best. *See Sierra Pac. Indus. v. Kolbe & Kolbe Millwork Co.*, No. 18-CV-853-WMC, 2019 WL 1924836 (W.D. Wis. Apr. 30, 2019). For the same reasons explained in *Sierra Pacific Industry*, the court continues to believe that a stay is not appropriate until the PTAB accepts an IPR petition absent a substantially greater showing than the bare bones submission by defendant here. *Id.* at *2; *see also Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2013 WL 6044407, at *4 (W.D. Wis. Nov. 14, 2013).

As plaintiff points out, in the other patent infringement case filed by plaintiff against GPS Lockbox, the Western District of Washington similarly found a motion to stay pending a decision on an IPR petition filed by that defendant to be ill-advised, explaining that "the Court cannot conclude that a stay will simplify the issues before it because the PTAB has not yet decided whether it will even institute *inter partes* review on any grounds raised by Defendant in any of its petitions." (Irwin Decl., Ex. A (dkt. #34-1) (*Nat'l Prods. Inc. v. Innovative Intelligent Prods., LLC d/b/a GPS Lockbox*, No. 20-cv-00428-RAJ, slip op. at *3-4 (dkt. #66) (W.D. Wash. June 25, 2021)). While defendant attempts to distinguish the *GPS Lockbox* case as being further advanced than the present one, the Western District of Washington actually found that the case was "not in its infancy," because contentions and proposed claims constructions were due within a month of the defendant's filing of a motion for stay. (*Id.* at *4.) Here, too, plaintiff's infringement contentions were due within a month of defendant's filing of the present motion to stay. (*See* Prelim. Pretrial Conf. Order (dkt. #21) (setting infringement contentions deadline of July 29, 2021 and invalidity contentions deadline of August 27, 2021).) As such, the *GPS Lockbox* decision denying a similar motion to stay is virtually indistinguishable from the procedural posture in this case.

Finally, at the end of its motion, defendant tellingly notes that "this Court has in some cases insisted that the party seeking a pre-institution stay agree to be bound by the institution decision in an IPR," but contends that "such a condition here would be unfair." (Def.'s Mot. (dkt. #28) 16.) Defendant's argument that it should not be bound by the results of any IPR is odd on a number of levels. First, unlike the prior *inter partes* reexamination, the final decision of an *inter partes* review *is* binding on civil actions. *See* 35

U.S.C. § 315(e)(2) ("The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."). While this provision does not preclude a party from raising challenges *not* raised in the IPR, to the extent that defendant is arguing that the results of an IPR accepted by PTAB should have no estoppel effect, there appears to be no support for such an argument, or at least defendant has failed to cite support. Regardless, it takes significant chutzpah to request a stay based on a possible resolution in a parallel proceeding, while at the same time arguing that it should not be bound by the outcome of such a parallel proceeding. In light of the court's decision to deny the stay, the court need not resolve this specific request, but cautions defendant that any renewal of its motion for a stay, if and when the PTAB accepts the petition, should be made with the full understanding that the IPR *will* have an estoppel effect, at least as to arguments raised in that proceeding, *and* that a condition of granting of a stay is likely to be hinged on the condition that *all* invalidity arguments be raised or lost in that proceeding.

For all of these reasons, IT IS ORDERED that defendant Gamber-Johnson LLC's expedited motion for a stay pending *inter partes* reviews (dkt. #28) is DENIED without prejudice.

Entered this 4th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge